UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Lee Burke, #3460-066, | ) C/A No. 8:05-860-CMC-BHH |
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Ruth Yancey, | ) |
| Respondent. | ) |

## **BACKGROUND OF THIS CASE**

The petitioner is a federal inmate at FCI-Salters. He is serving a 360 month sentence for violating sections of the United States Code. Petitioner's conviction and sentence were entered in the United States District Court for the Northern District of Maryland in Criminal No. 91-119. The conviction was upheld on direct appeal by the United States Court of Appeals for the Fourth Circuit. (Fourth Circuit Docket No. 92-5139). The petitioner alleges he has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. That petition was denied.

In the § 2241 petition the petitioner raises two (2) grounds. Specifically, the petitioner contends: **(1)** that his "Eighth and Fifth Amendment rights were violated because the amended of the AEDPA barred § 2255 from collateral relief"; and **(2)** his "Sixth Amendment rights [were] violated by the impoition (sic) of an enhanced sentence under the United States sentencing guidelines base on the sentencing judge's determination a fact that was not founded by the jury or admitted by the petitioner." In essence, the petitioner is alleging that his sentence violates the holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. ___ (June 24, 2004). On separate pages, attached to the petition, the

1

petitioner seems to allege that a Section 2255 motion is inadequate or ineffective to test the legality of his sentence because "a federal prisoner seeking to file a second or successive motion to vacate....must move the court of appeal for an order authorizing the district court to consider the... motion. Only if the Supreme Court make a case retroactively to cases on collateral review will a court grant permission.... The new ruling concerning the sentencing guideline, was not made retroactively.... Therefore the ruling will deny my authority to file a § 2244 to the Appeal Court."

## DISCUSSION

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[1] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the § 2241 petition, which raises claims under 28 U.S.C. § 2255, is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition or pleading to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). "If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government." Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Triestman v. United States, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *See* In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997)(collecting cases).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080,

(7th Cir.1994). Since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *See* United States v. Morehead, 2000 WESTLAW® 1788398 (N.D.Ill., December 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceedings that fits the description of § 2255 ¶ 1 is a motion under § 2255...." United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

United States v. Morehead, *supra*.

Congress enacted § 2255 "because pertinent court records and witnesses were located in the sentencing district (and it was) impractical to require these petitions to be filed in the district of confinement". Dumornay v. United States, 25 F.3d 1056 (Table), 1994 WL 170752 (10th Cir. 1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". Dumornay, *supra, citing* United States v. Addonizio, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention'". Dumornay, *supra, citing* Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied,* 377 U.S. 980 (1964). If a prisoner's § 2255 motion is denied by a sentencing court, the denial itself is not sufficient to demonstrate that the § 2255 motion was inadequate, or ineffective. Williams, *supra*.

The petitioner relies on Apprendi v. New Jersey, 530 U.S. 466 (2000):

> * * * Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions in that case: "[I]t is unconstitutional for a legislature to remove from

4

the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt."

Apprendi v. New Jersey, supra.

Since the United States Supreme Court did not hold that its decision in Apprendi is retroactive, the above-captioned case would be controlled by In Re Vial, 115 F.3d 1192, 1194-1198 (4th Cir. 1997)(*en banc*). In that matter, the Fourth Circuit determined that the decision of the United States Supreme Court in Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501, 133 L.Ed.2d 472 (1995) did not establish "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" within the meaning of 28 U.S.C. § 2255. In reaching this conclusion, the Fourth Circuit noted that "...the Bailey Court clearly considered itself to be engaged in statutory construction...". Vial @ 1195. The Fourth Circuit stated that "the decision of the Supreme Court in Bailey did not announce a new rule of constitutional law and accordingly may not form the basis for a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255." Vial @ 1195.

In addition, the Fourth Circuit held that Bailey, *supra*, had not been made "retroactive to cases on collateral review". Citing § 2255, the Fourth Circuit stated that any other reading of the statute would be "contrary to the plain language of the AEDPA". The Court concluded that:

> a new rule of constitutional law has been 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding. Because the Supreme Court has done neither with respect to the rule announced in Bailey, Vial would not be entitled to file a successive § 2255 motion based on Bailey even if it contained a rule of constitutional law.[2]

---

[2] The statute of limitations does not begin to run until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

(continued...)

Vial @ 1196.

Furthermore, the Court in Vial, *supra*, made clear that the inability to file a second or successive petition was not a suspension of the writ. The Fourth Circuit said:

> Vial's constitutional argument is foreclosed by the recent decision of the Supreme Court in Felker v. Turpin, 518 U.S. 651, ---- - ----, 116 S. Ct. 2333, 2339-40, 135 L.Ed.2d 827 (1996). In Felker, the Supreme Court determined that the provisions of the AEDPA limiting second and successive habeas corpus petitions by persons convicted in state courts does not constitute a suspension of the writ. *See* id. Rather, the Court stated that the limitations imposed by the AEDPA were simply an illustration of the longstanding principle that "the power to award the writ by any of the courts of the United States, must be given by written law."' Id. at ----, 116 S. Ct. at 2340 (quoting Ex Parte Bollman, 8 U.S. (4 Cranch) 75, 94, 2 L.Ed. 554 (1807)). The limitations on habeas corpus relief from state-court judgements of conviction contained in the AEDPA, the Court reasoned, amounted to an entirely proper exercise of Congress' judgement regarding the proper scope of the writ [FN 11] and fell "well within the compass of [the] evolutionary process" surrounding the doctrine of abuse of the writ. Id. We conclude that the reasoning of the Court with respect to limitations on second or successive habeas petitions pursuant to §2254 applies with equal force to the identical language in §2255. Accordingly, the limitations imposed on a second and successive §2255 motions by the AEDPA do not constitute a suspension of the writ.

Vial @ 1197-98 *citing* Felker, *supra*. In footnote 11 the of the Vial decision the Fourth Circuit noted:

> In reaching this conclusion, the Court "assume[d]...that the Suspension Clause of the Constitution refers to the writ as it exists today, rather than as it existed in 1789." Felker, 518 U.S. at ----, 116 S.Ct. At 2340. Although we need not address this issue, we note that the Seventh Circuit has reasoned persuasively that the right to collateral review of state-court judgements of courts possessing jurisdiction is statutory, not constitutional, in nature and thus may be restricted as Congress sees fit. *See* Lindh v. Murphy, 96 F.3d 856, 867-68 (7th Cir. 1996) (en banc) ("Any suggestion that the Suspension Clause forbids every contraction of the powers bestowed by congress in 1885,

---

[2](...continued)
Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. Accordingly, the Fourth Circuit takes the position that as long as the Supreme Court has not yet ruled on the collateral availability of a rule, the limitations period does not begin to run.

    and expanded by the 1948 and 1966 amendments to §2254 is untenable. The Suspension Clause is not a ratchet."), *cert. granted,* 519 U.S. 1074, 117 S.Ct. 726, 136 L.Ed.2d 643 (1997).

Vial @ 1198 FN 11.

  The same result would apply then, where one, such as the petitioner, seeks to attack collaterally his conviction and sentence under Apprendi and other cases. As earlier stated, the Supreme Court of the United States in Apprendi did not address the retroactivity issue. Thus, as in Vial, that opinion is not properly raised in a collateral attack by a prisoner, such as the petitioner, whose conviction was final when Apprendi was decided.

  Similarly, the holding in Blakely does not help the petitioner. In Blakely v. Washington, 2004 WL 1402697 (U.S.S.C. 2004), the United States Supreme Court held that a state court's sentencing of defendant to more than three years above the fifty-three (53) month statutory maximum of the standard range for his offense, on basis of sentencing judges finding that defendant acted with deliberate cruelty, violated defendant's Sixth Amendment right to trial by jury). The Supreme Court applied the Blakely decision to the federal sentencing guidelines and concluded that the Sixth Amendment is violated when a district court imposes a sentence under the Sentencing Guidelines that is greater than a sentence based solely upon facts found by a jury. United States v. Booker, 125 S. Ct. 738, 752-756 (2004). Rather than totally invalidating the guidelines, however, the Supreme Court held that the guidelines are no longer binding on the district courts, but are advisory only.

  Nonetheless, since the Supreme Court o f the United States and the United States Court of Appeals for the Fourth Circuit have not declared Blakely and Booker retroactive to cases on collateral review, these cases are also controlled by Vial, *supra*.

  Therefore, the petitioner's attention is directed to the decisions of the United States Court of Appeals

for the Fourth Circuit in United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), *cert. denied*, Sanders v. United States, 534 U.S. 1042, 151 L.Ed.2d 445, 122 S.Ct. 573 (2001); and San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), *cert. denied*, San-Miguel v. Dove, 537 U.S. 938, 154 L.Ed.2d 242, 123 S.Ct. 46 (2002), and *cert. denied*, Young v. Conley, 537 U.S. 938, 123 S.Ct. 46 (2002), both of which raised claims under Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348, 2362-2363 (2000). In Sanders, the Court of Appeals held that the new rule in Apprendi is not applicable to cases on collateral review. In San-Miguel, the Court of Appeals upheld this court's summary dismissal of a § 2241 action raising Apprendi claims. Collateral review in federal court includes habeas corpus actions under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 28 U.S.C. § 2254. Since the claims raised by the petitioner are indeed Apprendi-type claims, the petitioner's claims are not cognizable under 28 U.S.C. § 2241 under the holdings in San Miguel and Sanders. *Cf.* United States v. Winestock, 340 F.3d 200 (4th Cir. 2003), *cert. denied*, Winestock v. United States, 157 L.Ed.2d 395, 124 S.Ct. 496 (2003).

In summary then, to the extent that the petitioner is alleging that he MUST be allowed to proceed under 28 U.S.C. Section 2241 because he would be without a remedy, his argument is misplaced. Congress saw fit to limit the availability of Section 2255 petitions, and the United States Supreme Court determined in Felker that Congress was within its right to do so under the AEDPA. To determine that Congress limited the availability of Section 2255 on the one hand, but intended to allow petitioners the availability of the Writ under Section 2241 on the other hand, would clearly be contrary to the purpose of the AEDPA.

In any event, even if the petitioner could avail himself of Section 2241, the petition would be dismissed because the petitioner has not exhausted his administrative remedies. With respect to his conviction, a remedy under 28 U.S.C. § 2241 could be sought only after the petitioner has exhausted his administrative remedies. *See* 28 C.F.R. §§ 542.10 through 542.16; *See also* Martinez v. Roberts, 804 F.2d

570, 571 (9th Cir. 1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court).  In the instant case, the petitioner has not established, or even alleged, that he has exhausted his administrative remedies.  Accordingly, the petition would be summarily dismissed in any event, without prejudice, so the petitioner could exhaust his administrative remedies.

### RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondent to file a return.  *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner's attention is directed to the important notice on the next page.

Greenville, South Carolina                                         s/Bruce H. Hendricks
                                                                                   United States Magistrate Judge
April 5, 2005

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603
